[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in the case is whether the plaintiff, Ledgewood should recover from Boyer for fire damage caused by a Boyer employee.
The parties have stipulated to many facts and have put into evidence various documents, insurance policies and the management agreement between Briarledge (Ledgewood) and Boyer. CT Page 7542
The fact in issue is whether the Boyer employee who negligently started the fire was doing renovation work to convert the apartments to condominiums or was performing routine maintenance and repairs under the Management Agreement.
It is clear from the testimony of Mr. George Boyer and Mr. George Myers that the employee was part of a special renovation team that was specially assigned to do the conversions from apartments to condominiums.
Accordingly, the negligent employee who caused the fire was not doing work specified under the Management Agreement. He, therefore, is not immune from liability, nor is Boyer protected by the contract.
Judgment is hereby ordered in favor of the plaintiff, Ledgewood, against the defendant, Boyer.
In the case of Boyer v. Vermont Mutual, Ins. Co., Boyer claims it is an insured under Vermont's policy and therefore Vermont should provide a defense to Boyer in the case of Ledgewood v. Boyer and indemnify Boyer for any judgment against it in that case.
In view of this court's decision that the work being done at the time of the fire was outside the scope of the Management Agreement, the court hereby orders judgment for the defendant, Vermont Mutual Ins. Co.
The parties have stipulated that the damages are $31,053.16. Boyer is therefore ordered to pay to Ledgewood that amount plus interest and costs.
HURLEY, J.